Longworth, J.
Section 7076 of the. Bevised Statutes, under which this indictment is framed, provides for three distinct classes of crime: 1st. The obtai/nvng from another anything of value by means of false pretense. “Anything of value ” is declared by section 6794 to include a “ check or bond given for the payment of money.”
2d. Procwrmg the signature of any person to a check or like instrument by false pretense; and, 3d. Selling or disposing, or offering to sell or dispose, of such a paper, knowing the signature thereto to have been fraudulently obtained.
It is true that the indictment under consideration does not allege in so many words that the check was “given for the payment of money,” but it does charge that the check was “for the sum of $1,100, of the value of $1,100,” and “ drawn *583 by said Xenophon C. Scott, of the personal goods, etc., moneys, etc., of the said Xenophon C. Scott,” then in the bank upon which the check was drawn. ¥e have no hesitation in holding that this is substantially a charge that the check was “ given for the payment of money.”
But it is contended that in this case a valid indictment could only be framed under the second class of offenses, to wit, for procuring the signature of Scott to the check, and Kennedy v. State, 34 Ohio St. 310, is said to sustain this idea. We cannot agree to this. In that case the indictment was held to be fatally defective, not for the reason that it alleged the cheek to have been obtained by false pretenses, but because it failed to allege that the check had ever been obtained at all; the charge that House delivered the check to Kennedy not being equivalent to saying that Kennedy obtained the check from House. In other words, there was no false pretense made for the purpose of obtaining a check, but, on the contrary, with intent to obtain a payment in cash. This is clearly explained in the opinion of Okey, J., p. 313, and from the decision Mcllvaine, J., dissented, on the sole ground that the offense of obtaining a check was sufficiently stated (p. 316). This case, therefore, so far from sustaining the claim of counsel, is, if correctly decided, an authoritative decision against it. I might say that after this decision Kennedy was again indicted and convicted for “ obtaining ” the same cheek, and his motion for leave to file petition in error was overruled in this court, although the case is unreported. We agree with counsel that a paper does not become a check until signed and delivered, but it was upon signature and delivery that this particular check was obtained. The provision of the section concerning the procuring a signature was intended to cover an entirely different class of offenses; a good illustration of which would be the case of one who should present to another, with a request that he should sign it, a paper falsely represented to be a certificate of character, a subscription paper, or the like, whereas the paper is, in reality, a promissory note or check, or bill of sale.
It is next objected that there was a fatal variance between the charge and the proof: the indictment alleging that the *584 check was drawn by Xenophon C. Scott and the check offered bearing the signature “X. C. Scott, M. D.” Without saying what would have formerly been the effect of this variance, it is enough to remark that under section 7216 of Revised Statutes it cannot be considered reason for reversal in a court of error— since it is not sufficient ground for an acquittal in the court below.
Did the court err in admitting evidence of similar offenses by the same parties, shortly prior to this time, in Detroit ? We think not. If admissible for any purpose there was no error in refusing to exclude it. We think it was competent for the purpose of showing a conspiracy between the defendants, and also to show knowledge of the falsity of the representations at the time when made. The court in its charge instructed the jury to consider it for no other purpose, and no exception was taken to the instruction.
It was incumbent upon the State to make out a conspiracy before'certain sayings and doings of his co-defendants could be received as evidence against Tarbox; and for that purpose it was clearly competent to show that about the same time the defendants jointly had conspired to commit and had together committed like offenses at other places and under similar circumstances.
It would not have been sufficient to authorize a conviction in the present case to prove simply that the check had been obtained upon representations which were false, unless it appeared that Tarbox Ttnew them to be false. The decisions are uniform to the effect that, where scienter is an element of the crime charged, previous offenses, necessarily involving such guilty knowledge, are admissible. Thus, where one is indicted for passing counterfeit coin, proof that he had previously passed similar coin, has always been held admissible to show that he had guilty knowledge of its character. See remarks of Thurman, J., in Farrer v. State, 2 Ohio St. 54, 73.
“ Upon the trial of an indictment for knowingly delivering skimmed milk to a factory to be manufactured into cheese, with intent to defraud, evidence of transactions of the same kind, other than that relied upon for a conviction, near the *585 same time, is admissible for the purpose of showing guilty knowledge, on the part of the accused, that the milk, for delivering which a conviction is sought, was skimmed milk.” Bainbridge v. State, 34 Ohio St. 264.
In like manner upon a charge of receiving property, knowing it to be stolen, evidence that the accused, at other times, received other stolen property from the same thief is admissible. Shriedley v. State, 23 O. S. 130.
The distinction between this principle and that prevailing in Coble v. State, 31 Ohio St. 100, is obvious.
If the evidence admitted tended to establish a conspiracy, or to show guilty knowledge on the part of Tarbox of dhe falsity of the representations made by him, it is certainly no objection to its admission that such guilty knowledge may have been also proved by other facts and circumstances in the case.

Motion overruled.